**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

| | | |
|---|---|---|
| **CHRISTOPHER M. LEHMKUHL** | ) | |
| **and** | ) | |
| **KIERSTEN S. LEHMKUHL,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | 2:17cv429 |
| **v.** | ) | |
| | ) | |
| **COPPERHEAD WINDOWS, INC.,** | ) | |
| **MATTHEW CONLEY,** | ) | |
| **DAVID REED, JR.,** | ) | |
| **and** | ) | |
| **VIPER CONSULTING & MANAGEMENT,** | ) | |
| **LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

This is an action for damages and dissolution of Copperhead Windows, Inc. by minority shareholders Christopher Lehmkuhl ("Mr. Lehmkuhl") and Kiersten Lehmkuhl ("Mrs. Lehmkuhl") (together "the Lehmkuhls" or "Plaintiffs"), against the company they partially own, Copperhead Windows, Inc. ("Copperhead"), and directors of the company who abused their authority as majority shareholders to the detriment of the Lehmkuhls.  In addition, the Lehmkuhls seek recovery against Viper Consulting & Management, LLC ("Viper") on account of its unlawful conspiracy against the Lehmkuhls.

### PARTIES

1.      Mr. Lehmkuhl and Mrs. Lehmkuhl together own 30% of the shares of Copperhead.  The Lehmkuhls are citizens of Colorado.

2.      Copperhead is a Virginia stock corporation.

3.    Matthew Conley ("Conley") is a director, and owns 42% of the shares, of Copperhead.  He is a citizen of Virginia.

4.    David Reed ("Reed") is a director, and owns 28% of the shares, of Copperhead. He is a citizen of Virginia.

5.    Viper is a Virginia limited liability company.

## JURISDICTION AND VENUE

6.    The Plaintiffs are citizens of Colorado.  The Defendants are citizens of Virginia. Plaintiff's claim is for $1,742,978.58 and equitable relief.   Thus, this Court has jurisdiction over the matter pursuant to 28 U.S.C. § 1332.

7.    Pursuant to 28 U.S.C. § 1391, venue is appropriate in this District because a substantial part of the events giving rise to Plaintiffs' claims arose in this District, including the agreements to perform that are the basis of Plaintiffs' claims, significant work associated with those agreements, and payment to Plaintiffs was due in this District.

## FACTS

8.    Copperhead operates a Window World Franchise, selling windows for use primarily in residential applications, in Colorado Springs, Colorado.

9.    The Lehmkuhls manage Copperhead and its Window World Franchise for which work they receive salaries approved by Copperhead's board of directors.

10.    Neither Conley nor Reed work for Copperhead.

11.    In their capacities as shareholders and directors, and together owning 70% of the shares of Copperhead, Conley and Reed directed payment of distributions from Copperhead to themselves, and to a company owned and controlled by them, Viper, totaling $1,355,650.

12.     While Conley and Reed claimed that payments to Viper were for consulting services to Copperhead, Viper in fact provided no services to Copperhead.

13.     The payments that Copperhead, Conley, and Reed directed to Viper, in the guise of payments for services rendered, were in fact a subterfuge so that Copperhead could pay additional distributions to Conley and Reed, through Viper, without paying distributions to the Lehmkuhls consistent with their proportional ownership interest in Copperhead.

14.     Despite Copperhead receiving no services from Viper, Copperhead paid Viper $1,205,650.

15.     The Lehmkuhls, despite owning 30% of the shares of Copperhead, received no distributions from Copperhead at all.

16.     Because the Lehmkuhls own only a minority interest in Copperhead, they did not have the ability to direct Copperhead to distribute to themselves a proportional equivalent of the distributions received by Conley and Reed, the majority shareholders.

17.     To date, Copperhead has not made any distributions to the Lehmkuhls as minority shareholders.

18.     The Lehmkuhls have demanded payment of distributions from Copperhead and received none.

19.     If the Lehmkuhls had received distributions at the same rate as Conley and Reed, Copperhead should have paid the Lehmkuhls $580,992.86.

## CAUSES OF ACTION

## 1.  UNLAWFUL DISTRIBUTIONS

20.     The foregoing paragraphs are adopted as if set forth fully here.

21.     The Lehmkuhls are entitled to distributions, as shareholders, at the same rate of distribution as Conley and Reed.

22.     Copperhead made distributions to Conley and Reed, directly or indirectly, and none to the Lehmkuhls.

23.     In addition, at all relevant times Copperhead elected in its tax filings to be treated as an S Corporation which election, under the Internal Revenue Code, required pro rata distribution, if any, to all shareholders.

24.     The Lehmkuhls are damaged by being omitted from the Copperhead distributions in the amount of $580,992.86.

## 2.  VIOLATION OF BUSINESS JUDGMENT RULE

25.     The foregoing paragraphs are adopted as if set forth fully here.

26.     Conley and Reed have an obligation, as directors of Copperhead, to act in the best interest of the corporation.

27.     By directing payments on behalf of Copperhead to themselves and to Viper, an entity owned and controlled, solely for unlawful shareholder distributions, Conley and Reed engaged in unlawful self-dealing in violation of the business judgment rule.

28.     The Lehmkuhls are damaged by Conley's and Reed's breach of the business judgment rule in the amount of $580,992.86, the proportional share of distributions to which they were entitled had Conley and Reed directed Copperhead to make lawful distributions.

## 3.  BREACH OF FIDUCIARY DUTY

29.      The foregoing paragraphs are adopted as if set forth fully here.

30.     Conley and Reed owed their fellow shareholders a fiduciary duty to deal with them in good faith.

31.     Conley's and Reed's scheme to direct Copperhead money from the company, and render it unavailable to the Lehmkuhls as distributions from the company, breached their fiduciary duty to deal with the Lehmkuhls in good faith.

32.     The Lehmkuhls are damaged by Conley's and Reed's breach of their fiduciary duty in the amount of $580,992.86, the proportional share of distributions to which they were entitled had Conley and Reed directed Copperhead to make lawful distributions.

### 4.  DISSOLUTION OF COPPERHEAD

33.     The foregoing paragraphs are adopted as if set forth fully here.

34.     Conley and Reed, as majority shareholders, engaged in deceptive and manipulative tactics to oppress the Lehmkuhls as minority shareholders.

35.     Conley's and Reed's efforts were not mere oversights or omissions.  They were active efforts to effectively render the Lehmkuhls' minority shareholder interests worthless and to enrich themselves at the expense of the Lehmkuhls.  Their actions included acts of material deception.

36.     Given the waste and misapplication of Copperhead's assets, and Conley's and Reed's deception, there is no reason to believe the majority shareholders will ever deal fairly and in good faith with the Lehmkuhls.

37.     Thus, the Court should enter an order of dissolution of Copperhead, appoint a receiver to wind up the corporation's assets and disburse the assets as required by law.

### 5.  CONSPIRACY

38.     The foregoing paragraphs are adopted as if set forth fully here.

39.     Conley, Reed, and Viper conspired by acting together and in concert to divert money lawfully due to the Lehmkuhls to themselves.

40.     In so doing, Conley, Reed, and Viper injured the Lehmkuhls monetarily, in the amount of $580,992.86, and in their business, and are thus liable to the Lehmkuhls pursuant to Virginia Code §§ 18.2-499 and 18.2-500 for statutory conspiracy and common law conspiracy.

41.     The Lehmkuhls are entitled to treble damages in the amount of $1,742,978.58 and reasonable costs and attorneys' fees.

## PRAYER FOR RELIEF

42.     For the foregoing reasons, Plaintiffs Christopher and Kiersten Lehmkuhl pray that the Court:

    a.  Enter judgment in favor of Plaintiffs against all defendants, jointly and severally, in the amount of $1,742,978.58 plus their fees and costs including attorneys' fees.

    b.  Enter an order of dissolution of Copperhead Windows, Inc. and appoint a receiver to wind up the affairs of the company and disburse its assets as required by law.

    c.  Award Plaintiffs their reasonable attorneys' fees.

    d.  Grant such other relief as the Court determines to be appropriate.

**TRIAL BY JURY IS DEMANDED.**

**Date:  August 11, 2017**                    **Respectfully submitted,**

**CHRISTOPHER LEHMKUHL and
KIERSTEN LEHMKUHL**

By:   /s/
                   Counsel

Cullen D. Seltzer, Esq. (VSB No. 35923)
Brian R. Pitney, Esq. (VSB No. 34521)
SANDS ANDERSON PC
2400 Bank of America Center
1111 East Main Street (23219)
P. O. Box 1998
Richmond, Virginia  23218-1998
Telephone:  (804) 648-1636
Facsimile:  (804) 783-7291
E-mail:  cseltzer@sandsanderson.com
          bpitney@sandsanderson.com
*Counsel for Plaintiffs*